IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

|  |  |
|---|---|
| John P. Sutton,<br><br>             Plaintiff,<br><br>     v.<br><br>Williamsburg Winery, LTD,<br><br>             Defendant. | 2:12-cv-0333-GEB-EFB<br><br>ORDER DENYING PLAINTIFF'S MOTIONS[*] |

Plaintiff seeks summary judgment on his federal trademark infringement and false designation of origin claims, both of which are based on the trademarks used by Defendant for its wine products. Plaintiff moves separately for a preliminary injunction to enjoin Defendant from selling wine using a trademark that Plaintiff asserts he owns. Defendant argues both motions should be denied since Plaintiff has not established a likelihood of consumer confusion.

"The core element of trademark infringement is the likelihood of confusion, i.e., whether the similarity of the marks is likely to confuse customers about the source of the products." E. & J. Gallo Winery v. Gallo Cattle Co., 967 F.2d 1280, 1290 (9th Cir. 1992) (citations omitted). Similarly, "[Plaintiff] must prove a likelihood of confusion to succeed [on] . . . [his] federal false designation of

---

[*] This matter is deemed suitable for decision without oral argument. E.D. Cal. R. 230(g).

1

origin claim[.]" Thane Int'l v. Trek Bicycle Corp., 305 F.3d 894, 900 n.3 (citing 15 U.S.C. § 1125(a)(1)(A)). In determining likelihood of confusion, the following factors are considered:

> (1) strength of the mark; (2) proximity of the goods; (3) similarity of the marks; (4) evidence of actual confusion; (5) marketing channels used; (6) type of goods and the degree of care likely to be exercised by the purchaser; (7) defendant's intent in selecting the mark; and (8) likelihood of expansion of the product lines.

AMF, Inc. v. Sleekcraft Boats, 599 F.2d 341, 348-49 (9th Cir. 1979). "[W]hile a likelihood of confusion determination may ultimately rest on a sub-set of factors, evidence of relatively important factors must be considered as part of that set." Jada Toys, Inc. v. Mattel, Inc., 518 F.3d 628, 633 (9th Cir. 2008).

Plaintiff has not shown which factors support a finding that "a reasonably prudent consumer in the marketplace is likely to be confused as to the origin of the good . . . bearing one of the marks." Dreamwerks Prod. Group v. SKG Studio, 142 F.3d 1127, 1129 (9th Cir. 1998). Therefore, Plaintiff's motions are denied.

Dated:  October 15, 2012

GARLAND E. BURRELL, JR.
Senior United States District Judge

2