IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| John P. Sutton,<br><br>　　　　　　Plaintiff,<br><br>　　v.<br><br>Williamsburg Winery, LTD,<br><br>　　　　　　Defendant.<br>_____ | 2:12-cv-0333-GEB-EFB<br><br><br>ORDER* |

   Plaintiff moves under the Lanham Act, in a conclusory manner, for an award of statutory damages and for an order requiring destruction of infringing property. (ECF No. 34.) Defendant opposes the motion, arguing, *inter alia*, that Plaintiff's "motion is procedurally improper and must be denied." (Def.'s Opp'n to Pl.'s Mot. ("Def.'s Opp'n") 5:24, ECF No. 36.)

   Plaintiff argues that "[b]ecause Defendant willfully used ADAGIO, knowing it is registered on the principal register by Plaintiff . . . , Defendant became a counterfeiter, trafficking in counterfeit goods, and subject to an award of statutory damages in the amount of 'not more than $1,000,000.'" (Pl.'s Mot. 5:22–27 (quoting 15 U.S.C. § 1117(c) of the Lanham Act).) Plaintiff also contends that he is entitled to destruction of infringing articles under 15 U.S.C. § 1118 of the Lanham Act. (Id. 5:28–6:14.)

---

\* This matter is deemed suitable for decision without oral argument. E.D. Cal. L.R. 230(g).

Defendant rejoins that "[a]lthough the Lanham Act affords plaintiffs the right to pursue statutory damages without proving actual damages, [P]laintiff must first establish liability," and "Defendant's liability under the Act has not been established." (Def.'s Opp'n 5:8-9 (citing Morris v. Comm'r, No. CV-F-97-5031-GEB-DLB, 1997 WL 842413, at *5 (E.D. Cal. Nov. 25, 1997)), 5:21.) Defendant further contends that "Defendant has a right to a jury determination of any amount of statutory damages awarded in this action." (Id. 5:21-22.)

Since Plaintiff has not yet established that he is a prevailing party under the Lanham Act, his motion is denied.

Dated: September 4, 2013

_____
GARLAND E. BURRELL, JR.
Senior United States District Judge