UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOHN P. SUTTON,<br><br>        Plaintiff,<br><br>  v.<br><br>WILLIAMSBURG WINERY, LTD.,<br><br>        Defendant. | No. 2:12-cv-00333-GEB-EFB<br><br>**ORDER GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT** |

        Defendant moves under Federal Rule of Civil Procedure ("Rule") 56 for summary judgment on all claims in Plaintiff's complaint, which are as follows: 1) trademark infringement alleged under 15 U.S.C. § 1114; and 2) false designation of origin alleged under 15 U.S.C. § 1125(a). Plaintiff opposes the motion.

        For the reasons stated below, the motion is GRANTED.

**I. LEGAL STANDARD**

        A party seeking summary judgment bears the initial burden of demonstrating the absence of a genuine issue of material fact for trial. Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1986). "A fact is 'material' when, under the governing substantive law, it could affect the outcome of the case." Thrifty Oil Co. v. Bank of Am. Nat'l Trust & Sav. Ass'n, 322 F.3d

1

1039, 1046 (9th Cir. 2003) (quoting Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986)). An issue of material fact is "genuine" when "'the evidence is such that a reasonable jury could return a verdict for the nonmoving party.'" Id. (quoting Anderson, 477 U.S. at 248). To meet this burden, the movant must "inform[] the district court of the basis for its motion, and identify[] those portions of the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, which it believes demonstrate the absence of a genuine issue of material fact." Celotex Corp., 477 U.S. at 323 (internal quotation marks omitted).

If the movant satisfies its "initial burden," "the nonmoving party must set forth, by affidavit or as otherwise provided in Rule 56, 'specific facts showing that there is a genuine issue for trial.'" T.W. Elec. Serv., Inc. v. Pac. Elec. Contractors Ass'n, 809 F.2d 626, 630 (9th Cir. 1987) (quoting former Fed. R. Civ. P. 56(e)); see also Fed. R. Civ. P. 56(c)(1). The nonmoving party "cannot 'rest upon the mere allegations or denials of the adverse party's pleading' but must instead produce evidence that 'set[s] forth specific facts showing that there is a genuine issue for trial.'" Tucker ex rel. Tucker v. Interscope Records, Inc., 515 F.3d 1019, 1030 (9th Cir. 2008) (quoting Anderson, 477 U.S. at 248). In evaluating the motion under Rule 56, "evidence must be viewed in the light most favorable to the nonmoving party, and all reasonable inferences must be drawn in favor of that party." Sec. & Exch. Comm'n v. Todd, 642 F.3d 1207, 1215 (9th Cir. 2011) (citing Johnson v. Paradise Valley Unified Sch. Dist., 251 F.3d 1222, 1227 (9th Cir. 2001)).

Further, Local Rule 260(b) prescribes:

> Any party opposing a motion for summary judgment or summary adjudication [must] reproduce the itemized facts in the [moving party's] Statement of Undisputed Facts and admit those facts that are undisputed and deny those that are disputed, including with each denial a citation to the particular portions of any pleading, affidavit, deposition, interrogatory answer, admission, or other document relied upon in support of that denial.

If the nonmovant does not "specifically . . . [controvert duly supported] facts identified in the [movant's] statement of undisputed facts," the nonmovant "is deemed to have admitted the validity of the facts contained in the [movant's] statement." Beard v. Banks, 548 U.S. 521, 527 (2006).

> Because a district court has no independent duty "to scour the record in search of a genuine issue of triable fact," and may "rely on the nonmoving party to identify with reasonable particularity the evidence that precludes summary judgment," . . . the district court . . . [is] under no obligation to undertake a cumbersome review of the record on the [nonmoving party's] behalf.

Simmons v. Navajo Cnty., Ariz., 609 F.3d 1011, 1017 (9th Cir. 2010) (quoting Keenan v. Allan, 91 F.3d 1275, 1279 (9th Cir. 1996)); see also Fed. R. Civ. P. 56(c)(3) ("The court need consider only the cited materials, but it may consider other materials in the record.").

## II. UNCONTROVERTED FACTS

In support of its motion, Defendant includes a declaration filed earlier in this lawsuit by Plaintiff. Plaintiff does not dispute the content of this declaration, which discloses the following:

After hosting an exchange student from South Africa,

3

Plaintiff "started a wine importing business with a South African wine-maker." (Decl. of Sutton, ¶ 17, ECF No. 27-1.) At some point later, Plaintiff and a "home wine-maker friend . . . made wine in [the friend's] cellar from [Plaintiff's] grapes." (Id. ¶ 18.) "When [Plaintiff and his friend] bottled the wine, [Plaintiff] affixed labels bearing the [mark] ADAGIO to the bottles." (Id.) Plaintiff then placed the mark "ADAGIO" on his friend's homemade wine, on wine Plaintiff imported from South Africa, and on wine made by Plaintiff's clients in South Africa. (Id.)

A U.S. Patent and Trademark Office ("PTO") record shows Plaintiff claimed that his first commercial use of the mark ADAGIO occurred on September 9, 1993. (Id., Ex. 1.) The PTO granted Plaintiff registration of the mark ADAGIO on February 15, 1994. (Id.)

Further, the following fact in Defendant's statement of undisputed facts document is uncontroverted:

"There exists no evidence in [the] record of Plaintiff's commercial use of the A[DAGIO] mark in the three years preceding the filing of this action" on February 8, 2012. (Statement Undisputed Facts Supp. Mot. Summ. J., ¶ 3, ECF No. 37-2.)

## IV. DISCUSSION

Defendant argues it is entitled to summary judgment because Plaintiff has not rebutted a statutory presumption of trademark abandonment. (Mem. P. & A. Supp. Mot. Summ. J., 8:3-7, ECF No. 37.)

Abandonment is an affirmative common law defense to both trademark infringement and false designation of origin

claims. Once a mark is abandoned, "a mark falls into the public domain and is free for all to use." J. Thomas McCarthy, McCarthy on Trademarks and Unfair Competition § 17:1, (4th ed. 2013).

The Lanham Act, 15 U.S.C. § 1051 et seq., prescribes the following statutory presumption of abandonment:

> A mark shall be deemed to be 'abandoned' if . . . the following occurs:
>
> (1) When its use has been discontinued with intent not to resume such use. Nonuse for 3 consecutive years shall be prima facie evidence of abandonment. 'Use' of a mark means the bona fide use of such mark made in the ordinary course of trade, and not merely to reserve a right in a mark.

15 U.S.C. § 1127. A defendant's showing of three years of non-use "'eliminates the [defendant's] burden to establish the intent element of abandonment as an initial part of [its] case,' and creates a rebuttable presumption that the [plaintiff] has abandoned the mark without intent to resume or continue use." Levi Strauss & Co. v. GTFM, Inc., 196 F. Supp. 2d 971, 976 (N.D. Cal. 2002) (quoting Imperial Tobacco, Ltd. V. Philip Morris, Inc., 899 F.2d 1575, 1579 (Fed. Cir. 1990)). This three-year statutory presumption applies to both Plaintiff's trademark and false designation of origin claims. See Abdul-Jabbar v. Gen. Motors Corp., 85 F.3d 407, 411 (9th Cir. 1996) (citing to the § 1127 abandonment presumption in discussing the abandonment standard in a false designation of origin case). "Once the presumption of nonuse is triggered, the burden shifts to the mark's owner to produce evidence of either actual use during the period in question or intent to resume use." eMachines, Inc. v. Ready Access Memory, Inc., No. 00-cv-00374-VAP-EE, 2001 WL

456404, at *5 (C.D. Cal. Mar. 5, 2001), citing (Cerveceria Centroamericana, S.A. v. Cerveceria India, Inc., 892 F.2d 1021, 1025 (Fed. Cir. 1989)).

Defendant supports its abandonment defense by explaining that during discovery, Defendant specifically requested that Plaintiff produce documents relating to "packaging, sale, advertising, offer for sale, and distribution of any and all ADAGIO wines." (Decl. of Herbert M. Roland, Ex. B, 5:5-6, ECF No. 37-3.) Plaintiff then responded that he "was unable to find any [documents] or [writings] responsive to this [r]equest." (Id., Ex. C, 4:25-26.) Defendant's evidence demonstrates that it is entitled to rely on the presumption of abandonment since there is no evidence in the record of any commercial use of ADAGIO by Plaintiff in the three years preceding this lawsuit.

Plaintiff responds in his verified opposition that he "has no obligation to Defendant to prove that he has used ADAGIO" and that "Defendant has not proved that Plaintiff has not used ADAGIO on wine." (Pl.'s Opp. to Def.'s Mot. Summ. J. 8:12-13, 14-15, ECF No. 40 (emphasis in original).) Further, Plaintiff avers in his opposition that "the mark has been used in commerce during [the] three years" prior to filing suit, but this averment is an unsupported conclusion, which is insufficient to controvert Defendant's showing of non-use. (Pl's Opp. 12:19-20.) See Tovar v. U.S. Postal Serv., 3 F.3d 1271, 1279 (9th Cir. 1993) ("[B]are assertions or unsupported conclusions are not facts sufficient to support either a summary or post-trial judgment."). Additionally, Plaintiff avers in an untimely filed declaration, which is an

unauthorized surreply, that "there has been no significant 'period of nonuse' by Plaintiff of ADAGIO on wine in the last nineteen years." (Decl. of Pl. John P. Sutton Contesting Facts Alleged by Def. in its Reply, ¶ 3, ECF No. 43.) However, "[a] conclusory, self-serving affidavit, lacking detailed facts and any supporting evidence, is insufficient to create a genuine issue of material fact." F.T.C. v. Publishing Clearing House, Inc., 104 F.3d 1168, 1171 (9th Cir. 1997).

Plaintiff also avers in his surreply an intent not to abandon the mark as follows: "The only witness having knowledge of Plaintiff's intent (Plaintiff) testified here that he never intended to abandon his incontestable registration." (Id., ¶ 6.) Plaintiff's "bare assertion," Tovar, 3 F.3d at 1279, fails to rebut the statutory presumption because the Lanham Act does not "entitle[] a registrant . . . to overcome a presumption of abandonment arising from non-use by simply averring a subjective affirmative 'intent not to abandon.'" Electro Source, LLC v. Brandess-Kalt-Aetna Grp., Inc., 458 F.3d 931, 937 (9th Cir. 2006) (quoting Imperial Tobacco Ltd. v. Philip Morris, Inc., 899 F.2d 1575, 1581 (Fed. Cir. 1990).

Since Plaintiff has not rebutted Defendant's abandonment defense, Defendant's motion for summary judgment is GRANTED, and judgment shall be entered in favor of Defendant.

Dated: September 23, 2013

_____
GARLAND E. BURRELL, JR.
Senior United States District Judge