UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOHN P. SUTTON,<br><br>           Plaintiff,<br><br>      v.<br><br>WILLIAMSBURG WINERY, LTD.,<br><br>           Defendant. | No.  2:12-cv-00333-GEB-EFB<br><br>**ORDER DENYING DEFENDANT'S MOTION FOR RECONSIDERATION** |

Defendant moves for reconsideration of an order that denied its motion for attorney's fees since it was filed one day late. Defendant's reconsideration motion includes a declaration from one of its attorneys in which counsel avers as follows concerning why Defendant's motion for attorney's fees was filed late: "At approximately 11:00 p.m. [on the date the motion was due], Defendant's Motion for Attorney's Fees was complete and ready to be filed. I attempted to log in to the court's [electronic filing] system, but repeatedly received [an] . . . error message[.]" (Mot. for Recons., Decl. of Jose M. Herrera ¶ 3, ECF No. 54-2.)

In light of Defendant's assertion that the Court's electronic filing system was inoperative, the undersigned judge communicated Defendant's assertion to the Court's information technology ("IT") department, and an IT staff member subsequently

1

1  conducted an investigation concerning the merits of the
2  assertion. That staff member could find no evidence indicating
3  Defendant's problem was the result of the Court's electronic
4  filing system. The staff member also learned the computer
5  username of Defendant's counsel Herb Rowland successfully logged
6  into the Court's electronic filing system twice at 11:35 p.m. on
7  the day the motion was due. Further, the staff member learned
8  several documents in other cases were successfully uploaded to
9  the Court's electronic filing system between 11 p.m. and midnight
10 on the date Defendant's counsel avers he could not access the
11 Court's electronic filing system. See, e.g., Case No. 2:07-cv-
12 2291, ECF Nos. 181, 182; 183, 184, 185; Case No. 2:13-cv-61, ECF
13 No. 64. Therefore, if Defendant experienced a problem, it was
14 likely its own. Under these circumstances, in accordance with
15 Local Rule 134(c)(3): "Problems on the filer's end . . . will not
16 . . . excuse an untimely filing." E.D. Cal. L.R. 134(c)(3). As
17 stated by the Seventh Circuit:

> Although we are sympathetic with the circumstances of [Defendant's] problem[]— . . . a computer breakdown in [its counsel's] office on the due date—it seems to us that the problem was really that [Defendant] waited until the last minute to get [its] materials together. . . . When parties wait until the last minute to comply with a deadline, they are playing with fire.

Spears v. City of Indianapolis, 74 F.3d 153, 157 (7th Cir. 1996).

Further, even in the situation where a litigant discovers that the Court's electronic filing system is inoperative, the litigant is obligated to promptly inform the Court. Concerning this obligation, Rule 134(c)(1) prescribes: "If [an electronic filing system's] technical failure is not so

2

announced on the Court's website, then the party must file the document as promptly as possible and seek appropriate relief from the Court." (emphasis added) The Court's website reports no electronic filing system failures on the day Defendant's motion was due; therefore, Defendant was obligated to "seek appropriate relief from the Court" "as promptly as possible." See System Outage Notification, http://www.caed.uscourts.gov/caednew/index.cfm/cmecf-e-filing/cmecf-outages/ (reporting no "system outage" on October 21, 2013). Here, Defendant waited forty-two days to explain the Court's purported electronic filing system's technical failure. The aforementioned IT staff member informed the Court that by that time, electronic filing system server records had been stored off-site, and could not be reviewed quickly. Defendant should have complied with Local Rule 134(c)(1), since "[local] rules have 'the force of law,'" Hollingsworth v. Perry, 558 U.S. 183, 191 (2010) (quoting Weil v. Neary, 278 U.S. 160, 169 (1929)), and it is incumbent upon litigators "practicing law in federal court to become familiar with and follow rules applicable to practice in this court." Dela Rosa v. Scottsdale Mem'l Health Sys., Inc., 136 F.3d 1241, 1244 (9th Cir. 1998).

For each stated reason, Defendant's motion is DENIED.

Dated: March 19, 2014

GARLAND E. BURRELL, JR.
Senior United States District Judge

3